IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| INFOCENTER.io CORPORATION, § § *Plaintiff*, § § v. § § CONVO COMMUNICATIONS, LLC, § § *Defendant*. § § | CIVIL ACTION NO. 1:25-CV-214 |

## NOTICE OF REMOVAL

Convo Communications, LLC ("Convo") by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the 98th Judicial District Court, Travis County, Texas to the United States District Court for the Western District of Texas, Austin Division on the following grounds:

### PROCEDURAL HISTORY

1. On November 10, 2022, Plaintiff Infocenter.io Corporation ("Infocenter") filed Plaintiff's Original Petition ("Petition") in the 98th Judicial District Court, Travis County, Texas, Cause No. D-1-GN-22-006526 ("State Court Action"). A copy of the Petition is attached hereto as **Exhibit A**.

2. Convo accepted service of the Petition with a service date of February 6, 2023.

### REMOVAL IS TIMELY

3. Removal of this action is timely and proper pursuant to 28 U.S.C. §§ 1441 and 1446.

4. Under 28 U.S.C. §1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise…" The 30-

day period for removal is triggered once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

5. Because Convo was served on February 6, 2023, this Notice of Removal is timely filed because it is filed within 30 days of the first day of service on Convo.

## VENUE IS PROPER

6. Venue is proper in this Court. Under 28 U.S.C. §§ 1441(a), 1446(a), and 124(d)(1), venue lies for this action in the United States District Court for the Western District of Texas, Austin Division, because it is the federal judicial district and division embracing the 98th Judicial District Court, Travis County, Texas, from which Convo removed the State Court Action.

## NATURE OF ACTION

7. This action arises out of a contract wherein Infocenter agreed to provide a subscription of the ServiceNow software product ("Product") and support services for Convo's use of that Product. (Exhibit A at ¶ 7).

8. Convo agreed to purchase from Infocenter a subscription to the Product for a duration of 36 months paid in three annual installments, along with support services for Convo's use of the Product for 36 months paid in monthly installments of $21,901.00 and an initiation fee of $25,000.00. (Exhibit A at ¶¶ 7-10).

9. Infocenter alleges that Convo breached the contract by refusing to accept Infocenter's support services for Convo's use of the Product and to pay for the same. (Exhibit A at ¶¶ 11-23).

## BASIS FOR DIVERSITY JURISDICTION

10. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, as Infocenter and Convo are citizens of different states, and the amount in controversy exceeds

$75,000, exclusive of interest and costs.

11. For purposes of diversity of citizenship, a "corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

12. Infocenter is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Charlotte, North Carolina. (Exhibit A at ¶ 1; **Exhibit B**, Application for Certificate of Authority, Jeffrey W. Bullock Declaration, at p. 3).

13. Convo is a limited liability company, whose citizenship is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Convo's members are citizens of Pennsylvania and Connecticut. None of Convo's members are citizens of North Carolina, Delaware, or Texas. (**Exhibit C**, Declaration of Gretchen Seal).

14. Infocenter alleges that it seeks to recover "monetary relief of over $250,000 but less than $1,000,000, excluding interest and costs." (Exhibit A, at ¶ 4). Infocenter's claims make clear that it is seeking substantial damages, well in excess of $75,000.00.

## STATE COURT NOTICE

15. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will promptly be provided to Infocenter and a copy of this Notice of Removal will be filed with the Clerk of the 98th Judicial District Court, Travis County, Texas. Additionally, Convo simultaneously files a Civil Cover Sheet and Supplemental Civil Cover Sheet along with this Notice of Removal.

16. A copy of the state court docket sheet, along with all process, pleadings, and orders filed in the state court matter, are attached as **Exhibit D**.

WHEREFORE, Convo respectfully requests that the above-mentioned action, now pending before the 98th Judicial District Court, Travis County, Texas, be removed to this Court based on diversity jurisdiction.

Dated: February 24, 2023.                Respectfully submitted,

        /s/ Brent Sedge
Brent Sedge
Texas Bar No. 24082120
**FISHER & PHILLIPS, LLP**
500 North Akard Street, Suite 3550
Dallas, Texas 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122
bsedge@fisherphillips.com

R. Bryan Holbrook
North Carolina Bar No. 96201
**FISHER & PHILLIPS, LLP**
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 778-4173
bholbrook@fisherphillips.com
*Pro Hac Vice Pending/Filed Contemporaneously*

*Attorneys for Defendant
Convo Communications, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2023, a true and correct copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system. A true and correct copy of the same was also served via U.S. mail, postage prepaid, and email, upon counsel for Plaintiff at:

>Brett E. Dressler
>SELLERS AYERS DORTCH & LYONS, P.A.
>301 South McDowell Street, Suite 410
>Charlotte, NC 28204
>bdressler@sellersayers.com

>/s/ Brent Sedge
>Brent Sedge
>*Attorney for Defendant*